H. Ty Kharazi: SBN 187894
YARRA, KHARAZI & CLASON
2000 Fresno Street, Suite 300
Fresno, CA 93721
Telephone: (559) 441-1214
Facsimile: (559) 441-1215

Attorneys for Complainant
MARSHAWN K GOVAN

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA - FRESNO DIVISION**

| | |
|---|---|
| MARSHAWN GOVAN dba MKG TAX CONSULTANTS<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CLOVIS, a municipal entity, VINCE WEIBERT, JOHN WILLOW<br><br>And Does 1 through 100, inclusive,<br>    Defendants. | CASE NO.:<br><br>**COMPLAINT** |

COMES NOW MARSHAWN GOVAN dba MKG TAX CONSULTANTS, by and through attorneys of record, and Complains and moves for Temporary Restraining Order, Preliminary and Permanent Injunction, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. MARSHAWN GOVAN dba MKG TAX CONSULTANTS (hereafter "MKG" or "Plaintiff") is and at all times mentioned herein was, an individual adult resident of the City of Clovis, Fresno County, State of California.

2. MKG is informed and believes, and thereupon alleges that Defendant CITY OF CLOVIS is a municipal entity operating within the County of Fresno, State of California.

3. MKG is informed and believes, and thereupon alleges that Defendant VINCE WEIBERT is a Clovis Police officer and resident of the County of Fresno.

4. MKG is informed and believes, and thereupon alleges that Defendant JOHN WILLOW is a Clovis Police officer and resident of the County of Fresno.

5. All acts giving rise to this complaint occurred in the city of Clovis, Fresno County, California.

6. Plaintiff's claims arise under the 1st and 14th amendments to the United States Constitution and section 1983 of United States Code chapter 42. Plaintiff's California law claims are related to his federal law claims giving this Court supplemental jurisdiction over them per 28 USC §1367.

7. CITY OF CLOVIS is subject to this Court's jurisdiction per 28 USC §1331.

8. VINCE WIEBERT is subject to this Court's jurisdiction per 28 USC §1331 and 1343.

9. JOHN WILLOW is subject to this Court's jurisdiction per 28 USC §1331 and 1343.

10. Venue is proper per 28 USC §1391.

11. MKG operates the Liberty Tax Service located at 80 W. Bullard Avenue in Clovis. It is located in the Crossroads shopping center on the southwest corner of the intersection of Bullard and Minnewawa. The intersection does not have a high amount of traffic compared to Shaw, Herndon and Clovis avenues.

12. MKG operates on a seasonal basis annually from January to April during the "tax season".

13. To remind local residents of their duty to file taxes, Liberty Tax Service employs a "waver", a person dressed as the Statue of Liberty or other classic American symbol like "Uncle Sam". The waver is in costume and typically carries a small sign stating "taxes" with an arrow, or that the preparer performs "Refund Anticipation Loans", a loan available in as little as 24 hours which allows patrons to obtain their refund quickly and avoid out of pocket costs to prepare the tax return.

14. On January 27, 2013 at 3:30 p.m. MKG's waver was standing on the sidewalk at the southwest corner of Bullard and Minnewawa when City of Clovis Police Officer McGrory approached and demanded identification from the employee.

15. On January 29, 2013 MKG met with Sam Mann, Management Analyst, Brian Domingos, Jr. Planning Commissioner, Regina A. Garza, Deputy City Attorney, John Holt, Assistant City Manager regarding sign code 9.4 and to request a temporary permit for the tax season.

16. On January 30, 2013 MKG met with Clovis Police Corporal Vince Weibert, Senior Planner

Bryan Araki and City Attorney Regina Garza regarding the business need to communicate the location of MKG's tax preparation services. On January 31, 2013 at 11:30 a.m. two Clovis Police officers approached MKG's waver and began taking pictures. At 12:15 MKG's store manager contacted Bryan Araki and left a voice mail regarding a request for use of a temporary sign. At 1:12 p.m. another Clovis Police officer approached MKG's waver and told the waver to put the sign down or be arrested.

17. On February 1, 2013 at 5:00 p.m. Clovis Police officer Vince Weibert ticketed MKG alleging violations of Clovis Municipal Codes 9.4.203(b)(2) (animated signs); 9.4.203(e)(1) (signs on public sidewalk) and 9.4.203(e)(8) (temporary signs)

18. In the afternoon of February 2, 2013 Clovis Police officer McGrory stopped MKG waver, employee #8312, and took the employee's picture and asked if they had talked the other day and if #8312 was aware they were in violation of the code.

19. On February 4, 2013 at 9:05 a.m. the City of Clovis maintained a police vehicle in front of MKG's storefront, MKG was nervous about opening the office.

20. On February 4, 2013 MKG submitted a claim to City of Clovis for its enforcement of the sign code.

21. On February 8, 2013 Clovis Police officer Vince Weibert ticketed MKG alleging violations of Municipal codes 9.4.203(b)(2) (animated signs); 9.4.203(e)(1) (signs on public sidewalk) and 9.4.203(e)(8) (temporary signs).

22. On February 9, 2013 a sign waver who was a resident of the Scottsmen apartment desperately trying to earn sufficient funds to avoid eviction was stopped by Vince Weibert and given a warning.

23. The Scottsmen apartment resident also was approached by Clovis Police officer John Willow and told "It is illegal to hold a sign in Clovis on the city streets. But here is a website to do research www.clovis.ci.gov CMC section 7.4.203 we have been taking pictures of where you have been standing."

24. On February 10, 2013 at 3:32 p.m. Clovis Police officer Willow and another officer parked in

an emergency manner, entered the MKG office while MKG was working with a client, interrupted MKG and ticketed MKG alleging violations of Municipal codes 9.4.203(b)(2) (animated signs); 9.4.203(e)(1) (signs on public sidewalk) and 9.4.203(e)(8) (temporary signs).

25. On February 11, 2013 Clovis Police officer Willow approached MKG's wavers and took their Refund Anticipation Loan signs and then maintained a police presence within the MKG store during operations.

26. On February 13, 2013 at approximately 2:00 p.m. MKG's waver was standing on the private property of the Crossroads shopping center when Clovis Police officer Vince Weibert ticketed MKG alleging violations of Clovis Municipal codes 9.4.203(b)(2) (animated signs) and 9.4.203(e)(8) (temporary signs )

27. On February 15, 2013 the City of Clovis denied MKG's claim contending that it did not comply with Gov. Code 910(f) as to amount sought or jurisdiction of appropriate court.

28. On February 16, 2013 at 3:32 p.m. MKG's waver was standing on the private property of the Crossroads shopping center when Clovis Police officer Willow ticketed MKG alleging violations of Municipal codes 9.4.203(b)(2) (animated signs); 9.4.203(e)(8) (temporary signs)

29. On February 21, 2013 the City of Clovis Planning and Development Service issued a memorandum regarding the active enforcement of the sign codes and admits that it is targeting "specific high concentrated commercial areas" for enforcement of its sign code and specifically states that MKG is being targeted. The memorandum states that special exceptions in direct violation to the sign code are not made.

30. Article 5 of the sign code provides a variance procedure by which special exceptions in direct violation to the sign code may be made. (Clovis Municipal Code 9.4.501-508)

31. On February 25, 2013, despite request from MKG, the Clovis Planning Commission held a meeting without regard to the sign ordinance or MKG's request for a temporary use during tax season.

32. On February 27, 2013 the Clovis Police maintained a vehicle parked in front of MKG's storefront.

33. On March 5, 2013 the Fresno Bee maintained wavers on each of the public sidewalks located

at the corner of Bullard and Minnewawa. None were warned or ticketed despite being highly visible to patrolling police.

34. Despite the claim in the February 21, 2013 memorandum that "special exceptions cannot be granted to business owners for advertising which is in direct violation of the ordinance", Throughout Clovis, wavers holding signs for the sale of new home construction advertise on public sidewalks, or adjacent thereto, without being subject to, or cited for violation of, the Sign Code. The sign code provides special protection to homebuilders at section 9.4.306 and the whole of Article 6. (Clovis Municipal Code 9.4.306; 9.4.6101-6114)[1]

35. On March 11, 2013 the Clovis City Council held a meeting without regard to the sign ordinance or MKG's request for a temporary use during tax season.

36. MKG has suffered a significant downturn in customers as a result of the enforcement of the sign code and thus profits have vanished.

37. The February 1, 2013 administrative citation from Corporal Wiebert bears citation number "36551."

38. The February 8, 2013 administrative citation from Corporal Wiebert bears citation number "36552."

39. The February 13, 2013 administrative citation from Corporal Wiebert bears citation number "36553."

40. The February 10, 2013 administrative citation from Corporal Willow bears citation number "31355"

41. The February 16, 2013 administrative citation from Corporal Willow bears citation number "31356."

42. On information and belief, each officer's administrative citations are consecutive in number because the sign code was not being enforced against any other than MKG.

43. The City of Clovis sign ordinance states:

---

[1] The authors of this section tacitly admit it is unfair as Code 9.4.6114 contains the only severability clause in the entire sign code.

"Sign" shall mean any figure, character, outline, delineation, announcement, declaration, demonstration, illustration, emblem, words, numerals, or letters of an attention-attracting display or device painted, illuminated, posted, or affixed on any surface or in a manner used to attract attention to the premises or to advertise or promote the interest of any person, activity, business, or enterprise when the same is placed so that it is clearly visible to the general public from an out-of-doors position; provided, however, noncommercial natural floral and plant displays shall not be considered signs in computing the number or area of signs permitted. (Clovis Municipal Code 9.4.801(ay).)

44. The City of Clovis sign ordinance states: "No sign may be displayed within the City of Clovis except pursuant to a sign permit." (Clovis Municipal Code 9.4.201(a).)

45. The power to issue a sign permit is vested in the discretion of the Planning and Development Services Director. (Clovis Municipal Code 9.4.402(c).)

46. The City of Clovis sign ordinance states: "Animated sign" shall mean a sign with action or motion, whether by flashing lights, color, changes, wind, rotation, movement of any parts of the sign or letters or parts of the sign structure, or other motion. (9.4.801(c).)

47. Clovis Municipal Code 9.4.203(b)(2) states:

"In addition to any sign not specifically in accordance with this chapter, the following signs shall be prohibited:

    (b) Moving signs having one or a combination of the following characteristics:

        (2) Animation (such as by mechanical movement of parts of the sign, projections on or within the sign, or changes on the shape or content of the sign face), except that it is not intended to exclude "time and temperature" devices approved in accordance with this chapter. This shall include, but is not limited to, flashing, blinking, flickering, moving textual messages, moving, rotating signs, and frames which appear to rotate, except those permitted by subsection (p) of section 9.4.202 (Seasonal decorations) of this article;"

48. Clovis Municipal Code 9.4.203(e) states in pertinent part:

"In addition to any sign not specifically in accordance with this chapter, the following signs shall be prohibited:

(e) Signs in one or more of the following locations:

(1) Within public places. Within any public street, sidewalk, public parking lot, or right of way, unless they shall maintain a minimum clearance of fourteen (14') feet above the adjoining grade level and after acquiring an encroachment permit from the Planning and Development Services Department, except marquee signs as defined by this chapter, unless specifically provided for in this chapter.

(8) Miscellaneous temporary signs and posters. The tacking, posting or otherwise affixing of signs of a miscellaneous character, visible from a public way, located on the walls of buildings, barns or sheds or on trees, poles, posts, fences, or other structures shall be prohibited, unless specifically permitted by this chapter. (§ 1, Ord. 84-16, eff. September 5, 1984, as amended by Ord. 94-6, eff. March 24, 1994)

49. On information and belief Defendants' disparate treatment of MKG are motivated by animus or ill will towards MKG for stating to Defendants that MKG desired to free speech rights despite the sign code.

<u>FIRST CAUSE OF ACTION</u>
1st Amendment - The Sign Code Is Not Content Neutral
(Against all Defendants and DOES 1-10)

50. MKG restates all preceding paragraphs and incorporates them herein by reference.

51. The Sign Code is not content neutral, basing the rules of what can be displayed on signs depending upon what is being stated therein.

52. Such distinctions violate the 1st Amendment as they are not content neutral.

53. Such distinction, under color of law, constitutes a violation of 42 USC 1983.

54. As a direct and proximate result of Defendants' acts, MKG has been injured by substantial monetary damages and irreparable harm and seeks recovery pursuant to 42 USC 1983 and attorney's fees per 42 USC 1988.

## SECOND CAUSE OF ACTION
### The Sign Code Prohibitions Are Excessive Compared to the Justification of the City of Clovis
### (Against all Defendants and DOES 11-20)

55. MKG restates all preceding paragraphs and incorporates them herein by reference.

56. The sign code fails to advance the alleged governmental interest.

57. The sign code is more extensive than necessary to advance the alleged governmental interest.

58. Defendants enforcement of the sign code against MKG violates MKG's right to free speech as guaranteed by the 1st amendment to the United States Constitution and the California Constitution Article I, sections 2 and 7.

59. Such denial, under color of law, constitutes a violation of 42 USC 1983.

60. As a direct and proximate result of Defendants' acts, MKG has been injured by substantial monetary damages and irreparable harm and seeks recovery pursuant to 42 USC 1983 and attorney's fees per 42 USC 1988.

## THIRD CAUSE OF ACTION
### The Sign Ordinance Grants City Unfettered Discretion to Restrict Speech
### (Against all Defendants and DOES 21-30)

61. MKG restates all preceding paragraphs and incorporates them herein by reference.

62. The Sign Code requires a permit before display of any sign.

63. Defendants are granted limitless discretion in approving or denying the applicant to engage in protected free speech activity.

64. As this portion of the Sign Code is constitutionally invalid and not separable from the Code, MKG requests this court declare the Sign Code invalid in its entirety.

65. As a direct and proximate result of Defendants' acts, MKG has been injured by substantial monetary damages and irreparable harm and seeks recovery pursuant to 42 USC 1983 and attorney's fees per 42 USC 1988.

# FOURTH CAUSE OF ACTION
42 U.S.C. § 1983 - VIOLATION OF 1st and 14th AMENDMENTS RIGHT OF DUE PROCESS
(Against all Defendants and DOES 31-40)

66. MKG restates all preceding paragraphs and incorporates them herein by reference.

67. MKG's permit applications come under the jurisdiction of the City's sign ordinance.

68. The actions of the City in refusing to make a decision as to MKG's permit applications and, instead, assign officers to enforce the sign code solely against MKG, and to inform MKG that prohibited signs cannot be permitted in *any* case, constituted an act of official government policy of the City.

69. The City's rejection of MKG's permit applications violated MKG's constitutional guarantee of due process that protects against arbitrary and unreasonable action by government.

70. City's acts have injured MKG's ability to earn income during the tax season as potential clients are unable to locate his temporary business.

71. As a direct and proximate result of Defendants' acts, MKG has been injured by substantial monetary damages and irreparable harm and seeks recovery pursuant to 42 USC 1983 and attorney's fees per 42 USC 1988.

# FIFTH CAUSE OF ACTION
The Sign Code Violates the Equal Protection Clause
(Against all Defendants and DOES 41-50)

72. MKG restates all preceding paragraphs and incorporates them herein by reference.

73. The Sign Code favors certain groups and organizations such as homebuilders, while simultaneously prohibiting the speech of other groups that would cause no more detriment to the alleged interests of Defendants.

74. When fundamental rights are divvyed up differently by government, strict scrutiny must be satisfied. Defendants cannot satisfy strict scrutiny as no compelling interests are satisfied by the Sign Code's favor of certain groups over another. The Sign Code's discriminatory provisions do not directly advance any legitimate governmental interest, or reach much further than necessary to accomplish any alleged legitimate governmental objective.

YARRA, KHARAZI & CLASON
2000 Fresno St., Ste 300
Fresno, CA 93721

75. As a result of being in the disfavored group, MKG has suffered damages in an amount according to proof and seeks their recovery pursuant to 42 USC 1983 and attorney's fees per 42 USC 1988.

SIXTH CAUSE OF ACTION
Sign Code Unconstitutionally Distinguishes Between Commercial and Non-Commercial Speech
(Against all Defendants and DOES 51-60)

76. MKG restates all preceding paragraphs and incorporates them herein by reference.

77. City's distinguishing between commercial and non-commercial speech contained in signs is constitutional only if it advances the alleged aims of the sign code. The sign code states its purpose and intent at section 9.4.102:

> The purpose of this chapter is to regulate signs in the City. Signs have an obvious impact on the character, quality, and economic health of the Clovis community. As a prominent part of the scenery, signs may attract the viewing public, affect the safety of vehicular and pedestrian traffic, and help set the tone of the community.
>
> It is the intent of the City that this chapter emphasize the importance of business activity to the economic vitality of the City, help improve the ability of business owners and operators to identify their businesses to the community in order to enhance the furtherance of commerce, foster varied and interesting places of trade, and promote public safety by making business signing visible to the passing public. This chapter is further intended to:
>
> (a) Protect and enhance the character and natural beauty of the community and its various neighborhoods and districts;
> (b) Protect commercial districts from sign clutter;
> (c) Protect the public's ability to identify uses and premises without confusion;
> (d) Eliminate unnecessary distractions which may jeopardize pedestrian or vehicular traffic safety;
> (e) Assure the maintenance of signs; and
> (f) Implement the community design objectives expressed in the General Plan. (§ 1, Ord. 84-16, eff. September 5, 1984)

78. Any distinctions by the City can be justified only if it advances the asserted aims of the Sign Code. A sign displaying a noncommercial message will have the same effects as a commercial message, the City's distinction does not advance the purpose and intent of the sign code.

79. As a result of being in the disfavored group, MKG has suffered damages in an amount according to proof and seeks their recovery pursuant to 42 USC 1983 and attorney's fees per 42 USC 1988.

### SEVENTH CAUSE OF ACTION
Vagueness of The Sign Ordinance Violates Due Process
(Against all Defendants and DOES 61-70)

80. MKG restates all preceding paragraphs and incorporates them herein by reference.

81. The City's sign code, City of Clovis Municipal Code 9.4 fails to define violations with the necessary definitiveness that an ordinary person could understand what conduct is prohibited.

82. Such undefined and ambiguous terms of the sign code provides City officials to issue citations at will.

83. The sign code fails to enforce in a non-arbitrary, and non-discriminatory manner. The consecutive nature of the Defendants' citations indicate that both officers only cited Plaintiff within a 3 week period.

84. Defendants deliberate denial, under color of law, of MKG's 14th Amendment substantive due process rights is a violation of 42 USC 1983.

85. As a direct and proximate result of Defendants' acts, MKG has been injured by substantial monetary damages and irreparable harm and seeks recovery pursuant to 42 USC 1983 and attorney's fees per 42 USC 1988.

### EIGHTH CAUSE OF ACTION
Injunctive Relief
(Against all Defendants and DOES 71-80)

86. MKG restates all preceding paragraphs and incorporates them herein by reference.

87. MKG alleges herein the likelihood that the sign in unconstitutional.

88. MKG alleges herein irreparable injury to MKG's first amendment rights via enforcement of the unconstitutional Sign Code by Defendants, especially as repetitive penalties may occur, thus MKG has no adequate remedy at law. If the sign code is allowed to continue in 2014, MKG will be out of business.

89. City's arguments of hypothetical injury to the public "health, safety, welfare" do not outweigh the irreparable injury MKG faces from enforcement of an unconstitutional ordinance.

///

///

## NINTH CAUSE OF ACTION
Declaratory Judgment (28 USC §2201-2202)
(Against all Defendants and DOES 81-90)

90. MKG restates all preceding paragraphs and incorporates them herein by reference.

91. MKG is informed and believes and thereon alleges that Defendants disputes the allegations raised herein such that there is an actual justiciable controversy over whether the Sign Code, and Defendants' acts alleged to enforce the Code were lawful.

92. MKG seeks a judicial determination of the rights, duties and obligations of the parties concerning the City's Sign Code and, specifically, a declaration that the City's Sign Code, in total, but also in particular Sections 9.4.203(b)(2); 9.4.203(e)(1); 9.4.203(e)(8); 9.4.801(ay); 9.4.201(a), 9.4.402(c), 9.4.801(c), 9.4.501-508, 9.4.306, and 9.4.6101-6114 are void, invalid and unconstitutional on their face and as applied as it blocks rights held under the 1st and 14th Amendments of the United States Constitution and Article I, sections 2 and 7, of the California Constitution, does not advance the alleged purposes of the Sign Code, is not narrowly tailored to be the least restrictive method to achieve the alleged purposes of the Sign Code, the Sign Code's permit process vests unfettered discretion in the Defendants to permit or prohibit speech, the discretion has been exercised in discriminatory manner, the variances of the code offered to special interest groups undermine the alleged purpose of the sign code, the refusal to correctly process the permit and variance applications of MKG and indication that no variances of prohibited signs were allowed were constitutionally invalid, and an abuse of discretion

93. A judicial declaration is necessary and appropriate so that the parties can ascertain their duties, obligations and rights under the Sign Code.

94. MKG is informed and believes and thereon alleges that, only if Defendants are restrained by this Court, Defendants will proceed with enforcement of the Sign Code against MKG should MKG attempt to exercise rights to free speech via sign.

95. If Defendant is not enjoined and restrained from enforcement of the conduct complained of herein, MKG will be irreparably injured as MKG would be continually deprived of Federal and State constitutional rights, subject to police action at the intersection and within the store, civil penalties,

loss of revenue, profits and business goodwill, and the extent of which is difficult to ascertain, and MKG would be subject to a multiplicity of suits. Also, the continued acts of Defendants would chill the exercise of free speech.

96. MKG Has no adequate legal remedy to prevent or repair MKG's irreparable injury.

97. sS

98. MKG seeks reasonable attorney's fees per 42 U.S.C. § 1988 and other provisions of Federal and California law. Success in this suit will be a benefit for the entire Clovis community.

## TENTH CAUSE OF ACTION
Violation of California Civil Rights – Civ. Code 51, 51.5, 51.7, 52, 52.1, Cal. Const Art I §§ 7 & 13
(Against all Defendants and DOES 91-100)

99. MKG restates all preceding paragraphs and incorporates them herein by reference.

100. The actions of Defendants, and each of them, in their official and individual capacities, under the color of law, has intimidated, threatened, interfered and coerced MKG from exercise and enjoyment of rights secured by the Constitutions of the United States and California, the laws of the United States and California, including but not limited to free speech, due process and contract, in violation of Civil codes 51, 51.5, 51.7, 52, 52.1 and Cal. Const. Article I §§ 7 and 13.

101. On information and belief the Defendants performed the acts alleged herein against MKG because of race.

102. As a result of the acts of Defendants, and each of them, MKG has been damaged by restriction of his rights to speech, contract and due process.

103. In denying MKG's rights in violation of California law, MKG has been damaged in an amount according to proof, but at least the statutory minimum for each violation, and is entitled to exemplary damages.

104. MKG is also entitled to trebling of damages per California Civil Code §§ 52 and 52.1

105. In denying MKG's rights in violation of California law, MKG has been damaged in an amount according to proof and is entitled to exemplary damages.

///

///

**PRAYER**

For the foregoing reasons, MKG requests Trial by Jury and prays for the following relief:

1. Temporary restraint, and preliminary and permanent injunctive relief enjoining Defendants from enforcement of any provision of the Sign Code, and specifically sections 9.4.203(b)(2); 9.4.203(e)(1); 9.4.203(e)(8) and 9.4.201(a).

2. A declaratory judgment that the Defendants' Sign Code, in total, but also in particular Sections 9.4.203(b)(2); 9.4.203(e)(1); 9.4.203(e)(8); 9.4.801(ay); 9.4.201(a), 9.4.402(c), 9.4.801(c), 9.4.501-508, 9.4.306, and 9.4.6101-6114 are void, invalid and unconstitutional on their face and as applied as it blocks free speech, due process and rights held under the 1st and 14th Amendments of the United States Constitution and Article I, sections 2 and 7, of the California Constitution, does not advance the alleged purposes of the Sign Code, is not narrowly tailored to be the least restrictive method to achieve the alleged purposes of the Sign Code, are vague, the Sign Code's permit process vests unfettered discretion in the Defendants to permit or prohibit speech, the discretion has been exercised in discriminatory manner, the variances of the code offered to special interest groups undermine the alleged purpose of the sign code, that denial of, and refusal to correctly process, the permit and variance applications of MKG and indication that no variances of prohibited signs were allowed were constitutionally invalid, and an abuse of discretion; order Defendants to pay all revenue lost by MKG as a result of inability to exercise free speech until the date of declaratory judgment, and that the use of MKG's wavers, with or without a permit, does not constitute a violation of the Sign Code;

3. An order awarding MKG reasonable attorney's fees pursuant to 42 U.S.C § 1988 and California Civil Code §§ 52, and 52.1(h);

4. An order awarding MKG's costs of suit;

5. An award of compensatory and exemplary damages;

6. An award of consequential damages;

7. Statutory damages per Civ. Code § 51 et. seq. for each occurrence;

8. Treble damages per Civ. Code § 51 et. seq. for each occurrence;

9. An award of general and presumed damages for damages suffered by MKG that are impossible or difficult to quantify;

10. An award of nominal damages to MKG for individually bringing this suit which effects all who are subject to the Clovis Sign Code.

11. Find that Defendants are estopped from prohibiting MKG from using wavers at the corner of Minnewawa and Bullard in Clovis;

12. An award of prejudgment and post judgment interest as allowed by law;

13. Any such other relief the Court may deem just, proper, necessary or appropriate.

Dated: April 15, 2013                    YARRA, KHARAZI & CLASON

                                               /s/ H. Ty Kharazi
H. TY KHARAZI, Attorney for Defendants,
MARSHAWN K. GOVAN