UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHAWN GOVAN, | CASE NO. CV F 13-0547 LJO SMS |
| Plaintiff, | **ORDER TO DISMISS CLAIMS**<br>(Doc. 15.) |
| vs. | |
| CITY OF CLOVIS, et al., | |
| Defendants. | |
| _____/ | |

### PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseload in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. This Court cannot address all arguments, evidence and matters raised by parties and addresses only the arguments, evidence and matters necessary to reach the decision in this order given the shortage of district judges and staff. The parties and counsel are encouraged to contact United States Senators Diane Feinstein and Barbara Boxer to address this Court's inability to accommodate the parties and this action.

### BACKGROUND

Pro se plaintiff Marshawn Govan ("Mr. Govan") proceeds on his Complaint

("complaint")[1] to challenge the constitutionality and enforcement of a defendant City of Clovis ("City") sign ordinance. In addition to the City, the complaint names as defendants City Police Officers Vince Weibert ("Officer Weibert") and John Willow ("Officer Willow").

On June 10, 2013, the City and Officers Weibert and Willow (collectively "defendants") filed their F.R.Civ.P. 12(b)(b) motion to dismiss most of the complaint's claims. Mr. Govan timely filed neither an amended complaint as a matter of course under F.R.Civ.P. 15(a)(1) nor papers to oppose F.R.Civ.P. 12(b)(6) dismissal of claims. This Court construes Mr. Govan's failure to file a timely amended complaint or opposition papers as his concession as to the validity of dismissal of claims subject to defendants' motion to dismiss.

## **ORDER**

On the basis of good cause and the unopposed grounds raised in defendants' motion to dismiss papers, this Court:

1. VACATES the July 30, 2013 hearing set by defendants and ORDERS the parties not to appear in Court on that date. *See* Local Rule 230(c), (g);

2. DISMISSES the complaint's first through ninth claims against Officers Weibert and Willow in their official capacities as duplicative. *See Kentucky v. Graham*, 473 U.S. 159, 165-166, 105 S.Ct. 3099 (1985);

3. DISMISSES with leave to amend the complaint's first through fourth, sixth, seventh and tenth claims;

4. ORDERS Mr. Govan, no later than August 9, 2013, to file and serve either: (1) an amended complaint; or (2) a statement that he elects to proceed only on the complaint's fifth, eighth and ninth claims as pled in the complaint;

5. ADMONISHES Mr. Govan that this Court's Local Rule 220 requires an amended complaint to be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). After the filing of an amended complaint, the original pleading

---

[1] After the complaint was filed, Mr. Govan substituted in place of his former counsel to represent himself.

2

serves no further function.  Thus, in an amended complaint, each claim and involvement of each defendant must be sufficiently alleged; and

      6.     ORDERS defendants, no later than August 30, 2013, to file and serve papers to respond to Mr. Govan's operative complaint.

IT IS SO ORDERED.

Dated: **July 19, 2013**      /s/ Lawrence J. O'Neill
                                                    UNITED STATES DISTRICT JUDGE