UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARSHAWN GOVAN, | CASE NO. CV F 13-0547 LJO SMS |
| Plaintiff, | **ORDER TO DISMISS REMAINING CLAIM AND JUDGMENT** <br> (Doc. 49.) |
| vs. | |
| CITY OF CLOVIS, et al., | |
| Defendants. | |

## BACKGROUND

Defendant City of Clovis ("City") seeks to dismiss as legally barred pro se plaintiff Marshawn Govan's ("Mr. Govan's") sole remaining equal protection challenge to the City's Sign Law.[1]  Mr. Govan filed no timely papers to oppose dismissal of his equal protection claim.  This Court considered the City's alternative F.R.Civ.P. 12 motions to dismiss on the record and VACATES the November 21, 2013 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court DISMISSES Mr. Govan's equal protection claim and in

---

[1] The Sign Law is part of the City's ordinances, §1, Ord. 84-16, and will be referred to as the "Sign Law."

1

turn this action.

## BACKGROUND[2]

### Mr. Govan's Use Of Sign Wavers

Mr. Govan owns Liberty Tax Service which operates within the City's limits. Liberty Tax Service provides tax services during the January to April tax season.

Liberty Tax Service employs "wavers" who dress in Statue of Liberty or Uncle Sam costumes and wave small signs regarding tax services.

### Prohibited Signs

Section 9.4.203 of the Sign Law prohibits:

1. "Moving signs" which have animation, including "moving, rotating" (section 9.4.203(b)(2)) and "[s]igns which are portable" (section 9.4.203(c));

2. Signs "within public spaces," including "any public street, sidewalk, parking lot, or right-of-way" (section 9.4.203(e)(1)); and

3. "Temporary signs," including "affixing of signs of a miscellaneous character, visible from a public way" (section 9.4.203(e)(8)).

### Directional Signs

The Sign Law regulates "directional signs" which "are needed by developers to a greater degree than other businesses because development project sales are ordinarily conducted for a relatively limited period of time for any particular location, that is, only until all units in the subdivision are sold." (Section 9.4.6101.) Directional signs offer "developers a means of providing directional signs to their projects, while minimizing confusion among prospective purchasers who wish to inspect development projects, while promoting traffic safety and reducing the visual blight of the present proliferation of signs." (Section 9.4.6102.) The Sign Law defines a directional sign as "any off-site standing, non-flashing sign which is designed, erected, and maintained to serve as a public convenience in directing pedestrian and vehicular traffic, but not used for the purpose of advertising use and activities on site." The

---

[2] The factual background summarizes Mr. Govan's First Amended Complaint ("FAC") and other matters which this Court may consider.

Sign Law imposes requirements and restrictions (section 9.4.6110) for sign laws which require licensing (section 9.4.6107).

### **Mr. Govan's Citations**

On January 29 and 30, 2013, Mr. Govan met with City officials to request a temporary permit for tax season.

On January 31, 2013 at 11:30 a.m., two City police officers approached Liberty Tax Service's sign waver and took photographs. At 1:12 p.m., a City police officer approached the sign waver and told him to put the sign down or be arrested.

On February 1, 2013 at 5 p.m., Mr. Govan was ticketed for Sign Law violations of animated signs, signs on public sidewalk, and temporary signs.

During the morning of February 2, 2013, Liberty Tax Service's manager observed a City patrol vehicle parked near the Liberty Tax Service office. Later that afternoon, a City police officer stopped Liberty Tax Service's sign waver, took his photograph, and asked if the sign waver was aware that he was "in violation of the code."

On February 4, 2013, the City maintained a police patrol vehicle in front of Liberty Tax Service's office.

On February 8, 2013, Mr. Govan was again ticketed for Sign Law violations of animated signs, signs on public sidewalk, and temporary signs.

On February 10, 2013, City police officers entered Liberty Tax Service's office and ticketed Mr. Govan for Sign Law violations of animated signs, signs on public sidewalk, and temporary signs.

On February 11, 2013, a City police officer approached Liberty Tax Service sign wavers, took their signs, and maintained a presence in the office during operations.

On February 13 and 16, 2013, Mr. Govan was ticketed for Sign Law violations of animated signs and temporary signs. The FAC notes that Mr. Govan's citations are numbered consecutively "because the sign code was not being enforced against any other."

The City Planning and Development Services issued a February 21, 2013 memo on sign code enforcement to note:

3

1. "The Clovis Police Department have [sic] been actively enforcing the Sign Ordinance in respect to temporary non-building mounted signs within specific target areas"; and

2. "Mr. Govan continues to display his signs and stated during the meeting that the citations are a part of doing business."

On February 27, 2013, the City police maintained a patrol vehicle in front of Liberty Tax Service's office.

### Mr. Govan's Equal Protection Claim

The FAC alleges that defendants have demoralized Mr. Govan's business "by defamation of character due to this constant harassment which has affected business productivity by intimidating [Liberty Tax Service] employees and clients with police presence." This Court's prior order dismissed all of the FAC's claims, except its (fifth) equal protection claim, which alleges:

1. The Sign Law "favors certain groups and organizations such has homebuilders, while simultaneously prohibiting the speech of other groups that would cause no more detriment to" the City's interests;

2. The City fails to "satisfy strict scrutiny as no compelling interests are satisfied by the Sign Code's favor of certain groups over another"; and

3. The Sign Law's "discriminatory provisions do no directly advance any legitimate governmental interest, or reach further than necessary to accomplish any alleged legitimate governmental objective."

### DISCUSSION

The City seeks F.R.Civ.P. 12(b)(1) dismissal of the equal protection claim in that the Sign Law imposes no injury to Mr. Govan who thus lacks standing to pursue a claim a invoke this Court's subject matter jurisdiction. The City further seeks F.R.Civ.P. 12(b)(6) dismissal of the equal protection claim with the FAC's absence of facts that Mr. Govan was subjected to intentionally discriminating treatment.

///

**F.R.Civ.P. 12(b)(1) Motion To Dismiss Standards**

If a plaintiff lacks standing, the plaintiff's action "should be dismissed" under F.R.Civ.P. 12(b)(1). *Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004).

F.R.Civ.P. 12(b)(1) authorizes a motion to dismiss for lack of subject matter jurisdiction. Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). A "court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction." *U.S. v. Bravo-Diaz*, 312 F.3d 995, 997 (9th Cir. 2002). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). "When subject matter jurisdiction is challenged under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Communities for Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

Lack of subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 126 S.Ct. 1235 (2006). F.R.Civ.P. 12(h)(3) instructs: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

**Standing**

The constitutional requirements for standing emanate from Article III, section 2 of the United States Constitution, which grants federal courts jurisdiction over "cases" and "controversies." *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996). "It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and exercise of the court's remedial powers." *Warth v. Seldin*, 430 U.S. 490, 518, 95 S.Ct. 2197 (1975). To invoke standing, a plaintiff must allege "(a) a particularized injury (b) concretely and demonstrably resulting from defendant's

5

action (c) which injury will be redressed by the remedies sought." *Bowker v. Morton*, 541 F.2d 1347, 1349 (9th Cir. 1976).

"At an irreducible minimum, Article III requires that the plaintiff show that he has personally suffered some actual or threatened injury as a result of defendant's illegal conduct . . . and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Fair v. United States Envir. Protection Agency*, 795 F.2d 851, 853 (9th Cir. 1986) (citation omitted; quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1925 (1975) (standing is a constitutional limitation of federal court jurisdiction to actual cases or controversies and absent a showing of standing, an exercise of federal court power would be inconsistent with Article III limitations)). "Pecuniary injury is a sufficient basis for standing." *Fair*, 795 F.2d at 853; *see Barlow v. Collins*, 397 U.S. 159, 163-164, 90 S.Ct. 832, 835-836 (1970).

"A suit brought by a plaintiff without Article III standing is not a "case or controversy," and "an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Community*, 386 F.3d at 1174. The burden of establishing standing elements "falls upon the party asserting federal jurisdiction." *Central Delta Water Agency v. United States*, 306 F.3d 938, 947 (9th Cir. 2002). The standing elements are "not merely pleading requirements" but are an "indispensable part of the plaintiff's case" and "must be supported at each stage of litigation in the same manner as any other essential element of the case." *Central Delta*, 306 F.3d at 947.

The City challenges Mr. Govan's standing in the absence of FAC allegations that the Sign Law's directional sign provisions "have any relationship to the harms to Plaintiff alleged in the FAC regarding sign wavers." The City notes that directional signs are subject to the same prohibitions for which Mr. Govan was cited. The City continues that even in the absence of the directional sign provisions, Mr. Govan's "sign wavers would still be barred" under section 9.4.203. The City concludes that since Mr. Govan's sign wavers are prohibited under the Sign Law despite alleged unequal treatment in application of the directional sign provisions as compared to section 9.4.203, lack of redress for his alleged equal protection injury defeats

his standing and fails to invoke subject matter jurisdiction. *See Harp Advertising Illinois, Inc. v. Village of Chicago Ridge, Ill.,* 9 F.3d 1290, 1292 (7th Cir. 1993) ("An injunction against the portions of the sign and zoning codes that [plaintiff] has challenged would not let it erect the proposed sign; the village could block the sign simply by enforcing another, valid, ordinance already on the books").

The City is correct that to the extend the FAC seeks to challenge the directional sign provisions or to base an equal protection claim on them, Mr. Govan lacks an injury subject to redress to invoke this Court's jurisdiction.

### **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

The City further seeks to dismiss the equal protection claim given the FAC's failure to allege facts to support strict scrutiny of Sign Law prohibitions.

A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of Lombard, Ill*., 58 F.3d 295, 297 (7th Cir. 1995).  A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must  not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of*

*Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, a complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), the U.S. Supreme Court explained:

> . . . a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. (Citations omitted.)

After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of

8

a cause of action, supported by mere conclusory statements, do not suffice. . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged − but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

### **Rational Basis**

The City argues that the equal protection claim is subject to rational basis review in that Sign Law regulation of animated or moving signs is not based on content.

In reviewing the constitutionality of the ordinance, a court first determines "whether it impacts a fundamental right or targets a suspect class." *Yaodi Hu v. Village of Midlothian*, 631 F.Supp.2d 990, 1007 (N.D. Ill. 2009) (citing *Eby–Brown Co., LLC v. Wisconsin Dep't of Agric.*, 295 F.3d 749, 754 (7th Cir.2002)). If no suspect class or fundamental right is involved, a court applies a rational basis test. *Hu*, 631 F.Supp.2d at 1007. An ordinance is upheld if the classification rationally relates to a "legitimate" interest. *Hu*, 631 F.Supp.2d at 1007 (citing *Greater Chicago Combine & Ctr. v. City of Chicago*, 431 F.3d 1065, 1072 (7th Cir.2005); *Eby–Brown*, 295 F.3d at 754). A plaintiff must "show that it is 'wholly impossible' to relate [the] governmental action to legitimate governmental objectives [.]" *Greater Chicago Combine*, 431 F.3d at 1072-1073. To show that the challenged classification is irrational, "the plaintiff must negate every conceivable basis that might support it, whether or not it has a foundation in the record." *Hu*, 631 F.Supp.2d at 1007 (citing *Turner v. Glickman*, 207 F.3d 419, 424 (7th Cir.2000).

The City argues that Mr. Govan is not a member of a protected class due to his

"commercial entity-based" equal protection claim. *See Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 907 (9th Cir. 2007) ("Because billboard operators are not a protected class, the city's distinction between off-site and on-site advertisers is sustained if rationally related to a legitimate government interest"). The City contends that the Sign Law's directional sign provisions lack relationship to Mr. Govan's allegations or alleged harm to survive the rational basis test and to reflect the City's reasonable distinction "between the relative value of different categories of commercial speech." *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 514, 101 S.Ct. 2882 (1981).

The City further argues that the Sign Law justifies distinctions among differing commercial speech to defeat an equal protection claim. The City notes that section 9.4.203 addresses concerns in "high concentrated commercial areas" whereas the directional sign provisions address development projects "located in areas where streets and highways are newly constructed. Such thoroughfares are seldom shown on maps available to persons seeking to purchase new homes; and, consequently, developers use signs to aid such persons locating their subdivisions."

The Sign Law's directional sign provisions rationally relate to a legitimate interest to safely and efficiently direct the public to projects in newly developing areas. Section 9.4.203's animated and moving sign prohibitions rationally relate to public safety and promotion and enhancement of the City's character. The FAC lacks facts to demonstrate the Sign Law's impossibility to relate to legitimate governmental objectives and to negate conceivable bases to support the Sign Law. The equal protection claim is subject to dismissal.

## CONCLUSION, ORDER AND JUDGMENT

For the reasons discussed above, this Court:

1. DISMISSES with prejudice the FAC's (fifth) equal protection claim; and

2. DISMISSES with prejudice this action and all claims against the City and ENTERS this JUDGMENT in favor of defendant City of Clovis and against plaintiff Marshawn Govan. This JUDGMENT is subject to F.R.App.4(a)'s time limitations to file an appeal of this JUDGMENT; and

3.      DIRECTS the clerk to close this action.

IT IS SO ORDERED.

Dated:   **November 12, 2013**                    **/s/ Lawrence J. O'Neill**
                                                 UNITED STATES DISTRICT JUDGE